NEW-YORK,
May, 1814.

JACKSON
v.
STILES.

---

JACKSON, *ex dem.* TILLOTSON AND OTHERS, *against* STILES.

JOHNSON, for the defendant, moved to set aside the default entered in this cause, and all subsequent proceedings, for irregularity. The tenant, on being served with a copy of the declaration, and notice in this cause in *Cortland* county, employed an attorney to defend the suit. *Tillotson* and *Vanderheyden*, the attorneys of the plaintiff, who resided at *Albany*, had no *joint* agent at *Utica* or *New-York*, though each of them had a *separate* agent in both places. The attorney for the tenant served the notice of being retained, and the copies of the *consent rules*, within the times prescribed by the rules of the court, by causing them to be affixed up in the clerk's office at *Utica*.

The plaintiff's attorneys, after the expiration of the twenty days for the tenant's appearance, entered a default, and afterwards obtained a judgment thereon, and issued execution.

Where two attorneys are jointly concerned for a party, they must have a joint agent appointed under the rules of the court.

Where two attorneys, jointly concerned for a plaintiff, had each a separate but not joint, agent at *Utica*, it was held that a service of notice of the appearance of the defendant, by affixing it up in the *clerk's* office, was good.

*Tillotson*, for the plaintiff.

*Per Curiam.* Where two attorneys are jointly concerned for a party, they should appoint a *joint* agent; otherwise the adverse party may be embarrassed in the service of notices, and be led into mistake. The agent of one is not necessarily the agent of both. The default and subsequent proceedings must be set aside.

Rule granted.