KENNEDY & HOY *vs.* JOHN Q. ADAMS & Co.

SAME, *vs.* JOHN Q. ADAMS.

Exoneretur ordered in behalf of the bail of a person who had been discharged under the Maryland insolvent laws, for a debt contracted out of the State.

Motion for an exoneretur for special bail, and rule to show cause.

The defendant was arrested in Delaware, for a debt contracted in Pennsylvania, with a citizen of New Jersey. He gave special bail. He had been, since that time, finally discharged under the insolvent law of Maryland; of which State he was a resident. The question was, whether the Court would order an exoneretur to be entered on the motion of the special bail.

*Mr. Gwinn*, of Baltimore, for the motion.—Under the insolvent law of Maryland, the debtor, at the time of his application for the benefit of the insolvent laws, obtains a personal discharge, which exempts him from being taken in execution, or enables him to put in common bail on being served with process. This privilege continues until his final discharge is either granted or refused. If it is obtained, it operates, under the act of 1805, ch. 110, s. 5, to discharge the debtor from "all debts, covenants, contracts, promises and agreements, due from, or owing, or contracted in his individual, as also in a partnership capacity;" and as a matter of course, the right to imprison, or to hold to bail, disappears with the discharge of the contract upon which it is founded. If the application is refused, the creditor stands precisely in the same position as if the benefit of a personal discharge had never been granted to the debtor. The act of 1805, already referred to, is the basis of the whole insolvent system in Maryland. Although it has been extended and adapted to the different local wants of the several districts, its effect as a bankrupt law remains the same. By reference to the record in Adams' case, it will be seen in what manner the whole proceedings are conducted, under the law of Maryland, in Baltimore city.

It is well settled law that a State has no right, by the enactment of a bankrupt law, to impair the validity of a contract entered into by citizens of another State, or by a citizen of its own State with the citizen of another State. (*Ogden* vs. *Saunders,* 12; *Wheat.* 358, *opinion of Justice Johnson ; Story on Conflict of laws, ed.* 1841, *p.* 283, *s.* 342; *Boyle* vs. *Zacharie and Turner,* 6 *Peters,* 348.)

There is no pretence whatever that the contract entered into by the plaintiffs in these actions with the defendant, is at all affected by the discharge which the defendant has obtained. The law of Maryland, under the decisions just quoted, could not annul the contracts which he has made with citizens of another State. But it will be seen that the proceedings in Maryland have a double effect. Not only do they profess to grant Adams a final discharge, but they also accord to him a personal discharge on his application. This discharge is not limited in time. It is, from the nature of things determined, if he does not succeed in getting through the court, and it is rendered useless to him, by the more enlarged operation of the final discharge, if his application is successful. But it nevertheless remains in full effect, as a decree of the Court· exercising its more limited jurisdiction as an insolvent court.

The personal discharge granted in Maryland acts only on the right to imprison, or the remedy; the final discharge affects the contract, as far as it legally can. Is the first unconstitutional? The Constitution of the United States looks only to legislation which impairs a contract. The right to imprison is not a part of the contract; it is only a part of the local remedy. See the leading case of *Sturges vs. Crowningshield*, 4 *Wheat.* 201; *Story on Conflict of Laws*, 478, sec. 571; *Woodbury's opinion in Crook vs. Moffat*, 5 *Howard*, 316; *Peck vs. Hozier & Mulock*, 14 *Johns.* 347; *Sicard vs. Whale*, 11 *Johns.* 195; *Hinkley vs. Marean*, 3 *Mason*, 89; *Titus vs. Hobart*, 5 *Mason*, 379; *De la Vega vs. Vianna*, 1 *B. & Ad.* 284, (20 *English Com. Law. Rep.* 388;) *Beers vs. Houghton*, 9 *Peters*, 359; *Mason vs. Haile*, 12 *Wheaton*, 378; *Towne vs. Smith*, 1 *Woodbury & Minot*, 130. It is clear from these cases that there is nothing in the Constitution of the United States to affect the right of the court to grant the personal discharge set forth in the record.

It is not contended that this discharge, by any legal necessity, operates in Delaware. The insolvent laws of any State cannot have effect beyond its own borders, except by comity. (*Cook vs. Moffat*, 5 *Howard*, *Grier's opinion*, 308; *Ib.* 310; *Taney's opinion*, 311; *Story on Conflict of Laws*, 289, s. 349.)

It is certain that this comity exists between Delaware and Maryland. (*Bailey vs. Seal*, 1 *Harrington*, 367;) in which case the comity with Maryland is recognized. (*McGlensey & Wolfe vs. McLear*, 1 *Harr.* 466.) The whole principle of these cases is discussed

in *Fisher* vs. *Stayton*, 3 *Harr.* 278. And the case identical with the present is *Lewis* vs. *Norwood*, 4 *Harr.* 460. It is submitted that there can be no doubt as to the right to the exoneretur.

The plaintiffs can urge no argument against this personal discharge, founded upon their not being parties to the proceedings by which it was obtained. It was not the consequence of any preliminary investigation. It was granted by the Commissioners as a matter of right on the appointment of the provisional trustee. The creditors could only deprive the State of the power of continuing this abridgment of the remedy effected by the State courts, by coming in and opposing the final discharge. If they had succeeded in this, their right to the remedy would have revived. They would not, by so doing, have concluded their right to sue upon the contract, since it is conceded that the final discharge, granted in this case, could not affect the rights which the contract gave them. Under the law of Maryland no notice whatever is necessary to entitle the debtor to his personal discharge. It is a right accorded *ex gratia legis;* which continues until the favor of the law is found to be undeserved.

The Court made the rule absolute.